[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14862
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00271-WTH-PRL


RAFAEL ANTONIO HERRERA,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP I,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 7, 2015)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Rafael Herrera appeals the district court's dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  On appeal, Herrera argues that the savings clause of 28 U.S.C. § 2255(e) applies to his claim because his sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii) exceeded the statutory maximum for his offense.  He argues that the district court sentenced him based on a quantity of drugs and drug type that were not charged in the indictment or proven to a jury beyond a reasonable doubt.  In support of his claim, he relies on the Supreme Court's decisions in *DePierre v. United States*, 564 U.S. __, 131 S.Ct. 2225 (2011), *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013), *McQuiggin v. United States*, 569 U.S. __, 133 S.Ct. 1924 (2013), and *Burrage v. United States,* 571 U.S. __, 134 S.Ct. 881 (2014).  He further contends that his mandatory life sentence violates the Ex Post Facto Clause under *Peugh v. United States*, 569 U.S. __, 133 S.Ct. 2072 (2013).  After careful review, we affirm.

The availability of habeas relief under 28 U.S.C. § 2241 presents a question of law that we review *de novo.  Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000).  Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241.  *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).

2

The "savings clause" of § 2255 permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241.  *Sawyer*, 326 F.3d at 1365.  Under the savings clause, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *see also Sawyer*, 326 F.3d at 1365.  We have held that the savings clause is a jurisdictional provision, such that a petitioner must show that § 2255 is "inadequate or ineffective" before the district court has jurisdiction to review the § 2241 petition.  *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1338-40 (11th Cir. 2013), *pet. for cert. filed*, (U.S. Apr. 8, 2014) (No. 13-1221).  The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Turner v. Warden*, 709 F.3d 1328, 1333 (11th Cir.), *cert. denied*, 133 S.Ct. 2873 (2013).

We have stated that the savings clause "at the very least, applies to actual-innocence claims due to a non-existent offense."  *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1281 (11th Cir. 2013).  Additionally, the savings clause allows a petitioner to bring a claim that he was erroneously sentenced above the statutory maximum penalty.  *Id.* at 1274.  To show that a prior § 2255 motion was inadequate or ineffective to test the legality of his detention, a

3

petitioner challenging his sentence must satisfy a five-part test: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, our precedent squarely foreclosed the claim raised in the § 2241 petition; (2) the Supreme Court overturned that binding precedent after the petitioner's first § 2255 proceeding; (3) that Supreme Court decision applies retroactively to cases on collateral review; (4) as a result of that Supreme Court decision, the petitioner's sentence exceeds the statutory maximum sentence; and (5) the savings clause of § 2255 reaches the petitioner's claim. *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014).

In *Apprendi v. New Jersey*, the Supreme Court held that any fact[1] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  530 U.S. 466, 490, 120 S.Ct. 2348, 2362-64 (2000).  In light of *Apprendi*, we have explained that the enhanced penalties in 21 U.S.C. § 841(b) cannot be applied unless the jury determines the drug type and quantity involved in the drug conspiracy offenses. *United States v. Sanders*, 668 F.3d 1298, 1309-10 (11th Cir. 2012).  However, we have determined that *Apprendi* does not apply retroactively to cases on collateral review.  *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).  In *O'Brien*, the Supreme Court applied the rule in *Apprendi* to conclude that the

---

[1] This excludes the fact of prior conviction.

"machinegun" provision of 18 U.S.C. § 924(c)(1)(B)(ii) was an element of the offense that must be proved to the jury. *O'Brien*, 560 U.S. at 235, 130 S.Ct. at 2180. In *Alleyne*, the Supreme Court further determined that any fact, other than the fact of a prior conviction, that increases the applicable statutory mandatory minimum sentence for a crime must be submitted to a jury and found beyond a reasonable doubt. 570 U.S. at __, __, __, 133 S.Ct. at 2155, 2160 n.1, 2163. We recently held that *Alleyne* does not apply retroactively to cases on collateral review. *Jeanty*, 757 F.3d at 1285. In *DePierre*, the Supreme Court held that "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." 564 U.S. at __, 131 S.Ct. at 2237.

In *Burrage*, the Supreme Court held that a defendant cannot be held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) where the use of a drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury unless the drug use is a but-for cause of the death or injury. *Burrage*, 571 U.S. at __, 134 S.Ct. at 892. In *McQuiggin*, the Supreme Court held that there is an actual innocence exception to the statute of limitations in the AEDPA. 569 U.S. __, 133 S.Ct. at 1932-35. In *Peugh*, the Supreme Court held that under the Ex Post Facto Clause, a defendant cannot be sentenced under Guidelines put into effect after he committed his criminal acts,

where the subsequent Guidelines provide for a higher advisory sentencing range. 568 U.S. at __, 133 S.Ct. at 2078.

Herrera has failed to open the portal to § 2241 because he has failed to meet all five requirements of the five-part test established in *Bryant*. 738 F.3d at 1281. Herrera has failed to establish the third requirement because none of the cases upon which he relies apply retroactively on collateral review.[2] Herrera's argument that the district court erred under *Alleyne* and *O'Brien* with respect to the drug type and quantity found at sentencing is an *Apprendi*-based argument. We have held that both *Apprendi* and *Alleyne* are not retroactively applicable to cases on collateral review. *See McCoy*, 266 F.3d at 1258; *Jeanty*, 757 F.3d at 1285.

Because the Supreme Court in *O'Brien* applied the rule in *Apprendi* to conclude that the "machinegun" provision of 18 U.S.C. § 924(c)(1)(B)(ii) was an element of the offense that must be proved to the jury, it necessarily follows that *O'Brien* does not apply retroactively to cases on collateral review. *O'Brien*, 560 U.S. at 235, 130 S.Ct. at 2180; *Cf. McCoy*, 266 F.3d at 1258. Moreover, *DePierre* did not narrow the interpretation of § 841(b), as it expanded the definition of cocaine base to include all cocaine in its chemically basic form. *DePierre*, 564 U.S. at __, 131 S.Ct. at 2237. Herrera's reliance on *Burrage* and *McQuiggin* is similarly misplaced because those cases are inapposite to his argument that the

---

[2] Furthermore, Herrera has failed to prove that his sentence exceeds the statutory maximum.

6

drug quantity and type needed to be charged and proved beyond a reasonable doubt.

We need not consider Herrera's argument that his sentence violates the Ex Post Facto Clause under *Peugh* because Herrera did not raise this argument before the district court. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (concluding that we would not address an issue that was not raised in the § 2241 petition). However, Herrera's argument under *Peugh* fails in any event because it is in essence an argument under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and we have held that *Booker* does not apply retroactively to cases on collateral review. *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (concluding that *Booker* did not apply retroactively to § 2255 cases on collateral review).

Because Herrera fails to show that his claim satisfied the savings clause of § 2255, he cannot proceed under § 2241. Therefore, the district court did not have jurisdiction over Herrera's § 2241 petition, and did not err in dismissing the petition. Accordingly, we affirm.

**AFFIRMED.**