[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11418
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22171-JEM

WILLIE BUD REED, JR.,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 5, 2015)

Before WILLIAM PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie Bud Reed, Jr., a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the legality of his sentence in light of *DePierre v. United States*, 564 U.S. ___, 131 S.Ct. 2225 (2011).  He also asserts that the district court erred in denying his motion to take judicial notice of *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2151 (2013).  After a thorough review, we affirm.

## I.

The procedural history of this case, which spans over twenty-five years, may be briefly summarized as follows:  In 1988, Reed was convicted, after a jury trial, of conspiracy to possess with intent to distribute more than 50 grams of a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and possession with intent to distribute more than 50 grams of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a).  He was sentenced to a total term of 420 months' imprisonment.  In 1997, Reed filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, alleging various sentencing errors, numerous instances of ineffective assistance of trial and appellate counsel, and the denial of his right to be represented at trial by counsel of his choice.  The district court

2

denied his § 2255 motion and we affirmed. *See Reed v. United States*, 273 F.3d 1119 (11th Cir. 2001) (table).[1]

In June 2012, Reed filed the instant § 2241 petition, arguing that he is actually innocent of violating 21 U.S.C. § 841(b)(1)(A) and that his life sentence exceeds the 20-year statutory maximum authorized by Congress for a violation of § 841(b)(1)(C). In support of his argument, Reed highlighted that in *DePierre*, the Supreme Court ruled that the term "cocaine base" in § 841(b)(1)(A)(iii) is not synonymous with crack cocaine. Reed maintained that his § 2241 petition satisfied the requirements of the savings clause because his claim had been previously foreclosed by this court's then-existing case law. *See United States v. Munoz-Realpe*, 21 F.3d 375, 377-79 (11th Cir. 1994) (holding that the definition of "cocaine base" does not include all forms of "cocaine base," but, rather, is limited to crack cocaine).

The magistrate judge recommended the dismissal of Reed's § 2241 petition for lack of jurisdiction because Reed had failed to establish the necessary conditions to satisfy the savings clause of 28 U.S.C. § 2255(e), so that his claims might be considered in a § 2241 petition. Overruling Reed's objections, the district court adopted the magistrate judge's report and dismissed his § 2241 petition.

---

[1] Following the denial of his § 2255 motion, Reed filed numerous post-conviction motions, all of which were unsuccessful.

Reed next filed an unsuccessful motion for reconsideration, pursuant to Fed. R. Civ. P. 59(e). He also moved for the district court to take judicial notice of *Alleyne*, which the court also denied.

On appeal, Reed argues that his claim satisfies the requirements of the savings clause in § 2255(e).[2] Specifically, he highlights that based on the Supreme Court's narrow interpretation of "cocaine base" in *DePierre*, he stands convicted of an offense involving a "non-existent substance" because his indictment misrepresented the nature of his charges by stating that "cocaine base" was commonly known as crack cocaine. As such, he argues that he is actually innocent of violating § 841(b)(1)(A) because his jury did not find the type and quantity of controlled substances in his offense conduct. Reed also asserts that the district court erred by denying his request to take judicial notice of *Alleyne*.

## II.

"Whether a prisoner may bring a [] § 2241 petition under the savings clause of § 2255(e) is a question of law we review *de novo*." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013), *cert. denied*, 135 S.Ct. 52 (2014). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d

---

[2] In construing Reed's arguments, we have accorded him the usual "less stringent" standard applied to *pro se* pleadings, liberally construing his arguments. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

1363, 1365 (11th Cir. 2003).  Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241.  *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).

The "savings clause" of § 2255(e), however, permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241. *Sawyer*, 326 F.3d at 1365.  Under the savings clause, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The applicability of § 2255(e)'s savings clause is a threshold issue, which imposes a subject-matter jurisdictional limit on § 2241 petitions.  *See Williams*, 713 F.3d at 1337-38.  Accordingly, before we may reach the substantive claims raised by Reed, we must determine whether the savings clause of § 2255(e) permits him to seek relief through a § 2241 petition.

The restriction against second and successive § 2255 motions, standing alone, cannot render § 2255's remedy inadequate or ineffective under the savings clause in § 2255(e).  *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*).  Rather, we have explained that a petitioner can use the savings clause to "open the portal" to § 2241 only where he shows that: (1) throughout his sentencing, direct appeal, and original § 2255 proceeding, his claim was squarely

5

foreclosed by our binding precedent; (2) his current claim is based on a Supreme Court decision that overturned the precedent that had foreclosed his claim; (3) that Supreme Court decision is retroactively applicable on collateral review; (4) as a result of the application of the new rule, his sentences exceed the applicable statutory maximum penalties; and (5) the savings clause reaches his pure-*Begay*[3] error claim of illegal detention above the statutory maximum penalty. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262, 1274 (11th Cir. 2013).

### III.

Here, the district court did not err in dismissing Reed's § 2241 petition. The claim that Reed raises in his petition addresses the legality of his sentence, not the execution of his sentence, and, therefore, it was within the scope of § 2255, not § 2241. *See Sawyer*, 326 F.3d at 1365. Because Reed already filed a § 2255 motion that was denied, he was not permitted to circumvent the statutory restriction on successive § 2255 motions by filing a petition under § 2241. *See Gilbert*, 640 F.3d at 1308. In order to proceed under § 2241, Reed needed to show that § 2255 was "inadequate or ineffective" to challenge the legality of his detention. 28 U.S.C. § 2255(e).

Reed's reliance on the Supreme Court's decision in *DePierre* to argue that § 2255 is "inadequate and ineffective" to challenge the legality of his detention is

---

[3] *Begay v. United States*, 553 U.S. 137 (2008).

unavailing.  Contrary to Reed's contentions, *DePierre* did not narrow the interpretation of § 841(b)(1)(A)(iii) and hold that "cocaine base" can never be "crack cocaine," but instead held that "cocaine base" includes not only "crack cocaine," but all cocaine in its chemically basic form.  *See DePierre*, 564 U.S. at ___, 131 S.Ct. at 2237.  Thus, *DePierre* did not decriminalize Reed's conduct, nor indicate that he was convicted of a non-existent offense.  In any event, *DePierre* did not overturn a circuit precedent that squarely resolved his claim so that Reed had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion, as it merely involved the interpretation of a substantive criminal statute.  *See Bryant*, 738 F.3d at 1262, 1274; *see also DePierre*, 564 U.S. at ___, 131 S.Ct. at 2237.

Next, to the extent Reed is making a claim based on the reasoning in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his argument is without merit.  Reed asserts that he is "actually innocent" of the sentence enhancement in § 841(b)(1)(A), because his jury did not find the type and quantity of controlled substances in his offense.  To make this argument, he relies on *Alleyne*, 570 U.S. ___, 133 S.Ct. at 2155 (applying rule in *Apprendi* and holding "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury").  The problem for Reed is that we recently held that the decision in *Alleyne* does not apply retroactively on collateral review.  *See Jeanty v. Warden, FCI-*

*Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014). Consequently, Reed, whose convictions became final long before *Alleyne* was decided, cannot now collaterally challenge his convictions based on his jury's failure to specify the nature and quantity of cocaine base. Thus, the district court did not err in denying Reed's motion to take judicial notice of *Alleyne*.[4]

In sum, Reed has not satisfied the § 2255(e) savings clause requirements and we affirm the district court's dismissal of his § 2241 habeas corpus petition.

**AFFIRMED.**

---

[4] Reed also cites to *McQuiggin v. Perkins*, 569 U.S. ___, 133 S.Ct. 1924 (2013) in support of his claim. But Reed fails to demonstrate how the holding in *McQuiggin* is applicable to his § 2241 petition as he has made no showing that he is actually innocent of his offense conduct. *See McQuiggin*, 569 U.S. at ___, ___, ___, 133 S.Ct. at 1928, 1931, 1934-35 (addressing whether actual innocence, if proved, may provide an equitable exception to the statute of limitations applicable to a state prisoner's initial 28 U.S.C. § 2254 habeas petition).