**Richard VIEUX, Appellant**

v.

**Troy WILLIAMSON.**

No. 07–3147.

United States Court of Appeals, Third Circuit.

Submitted On Motion For Summary Affirmance
Under Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 27, 2007.

Filed Oct. 12, 2007.

Richard Vieux, Lewisburg, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for Troy Williamson.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Richard Vieux appeals *pro se* from an order of the United States District Court for the Middle District of Pennsylvania ("the District Court") dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. We will affirm.

The background is set forth in detail in the Magistrate Judge's report and recommendation and in the District Court's memorandum filed as part of the record, so we will not recount it in great detail. Vieux asserted in his habeas petition that the matter concerned his 1995 conviction in the United States District Court for the Middle District of Florida ("sentencing court") of various crimes, including carjacking resulting in serious bodily injury and in death. He was sentenced to life imprisonment plus forty-five years. The Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") affirmed the conviction and sentence on April 7, 1998.

On March 5, 1999, Vieux filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. He later filed a motion to amend his section 2255 motion to include a claim in light of the Supreme Court's March 24, 1999 decision in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).[1] The sentencing court denied leave to amend and denied the section 2255 motion in August 1999. Vieux filed a notice of appeal, which was construed as a motion for a certificate of appealability ("COA"). The Eleventh Circuit denied the motion for a COA. Vieux filed a motion for rehearing, arguing that the sentencing court abused its discretion in denying leave to amend his section 2255 motion. The Eleventh Circuit denied rehearing. In February 2001, the Supreme Court denied Vieux's certiorari petition.

In February 2002, Vieux attempted to file another section 2255 motion with the sentencing court, contending that it was his first section 2255 motion because he had not been allowed to amend his prior section 2255 motion. The sentencing court denied the motion as an unauthorized second or successive section 2255, advising that Vieux could seek the necessary authorization from the Eleventh Circuit. The Eleventh Circuit denied Vieux's COA application in December 2002. Vieux's motion to reconsider and his subsequent certiorari petitions with the Supreme Court were unsuccessful.

In January 2005, Vieux filed a motion to recall the mandate with the Eleventh Circuit, which returned the motion to him along with an application form for filing a second or successive section 2255 motion. Vieux filed the application but maintained that he was seeking to file his first section 2255 motion. The Eleventh Circuit denied the application in March 2005.

---

1. The federal carjacking statute, 18 U.S.C. § 2119, establishes higher penalties when the offense results in serious bodily injury (subparagraph (2)) or death (subparagraph (3)). In *Jones*, the Supreme Court held that subparagraphs (2) and (3) of the statute set forth additional elements of the offense and are not merely sentencing considerations. The elements of subparagraphs (2) and (3) thus must be charged in the indictment, proved beyond a reasonable doubt, and submitted to a jury for its verdict. *Jones*, 526 U.S. at 251–52, 119 S.Ct. 1215.

Next, in September 2005, Vieux returned to the sentencing court and filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, asserting that he was entitled to relief because he was denied the opportunity to amend his first section 2255 motion to reflect his *Jones* claim. The sentencing court denied the motion. Vieux filed another Rule 60(b) motion, which was denied in February 2006. The Eleventh Circuit denied issuance of a COA, and the Supreme Court denied certiorari in January 2007.

Vieux then filed his section 2241 habeas petition in the District Court,[2] alleging that section 2255 was an unavailing remedy for his claims because he has been denied leave to amend his section 2255 motion. He again presented his claim under *Jones* that he was convicted of crimes that were not charged in the indictment. Specifically, he contends that he was charged with a violation of 18 U.S.C. § 2119(1) (carjacking with intent to cause death or serious bodily harm), but that he was convicted of and received a longer sentence for the uncharged violations of section 2119(2) and 2119(3) (carjacking resulting in serious bodily harm and death, respectively). The Magistrate Judge issued a report and recommendation to dismiss the section 2241 habeas petition, and Vieux filed objections. On June 20, 2007, 2007 WL 1799712, the District Court overruled the objections and dismissed Vieux's habeas petition. The District Court concluded that Vieux had failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention such that he should be allowed to proceed under section 2241. Vieux appeals.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In response to the Court's letter advising the parties that the appeal would be submitted for possible summary action, Vieux filed a document in opposition to summary action, with attachments. The government has filed a motion to summarily affirm the order of the District Court. After a careful review of the record, we conclude that the appeal presents no substantial question. *See* Third Cir. LAR 27.4 and I.O.P. 10.6. Therefore, we will grant the government's motion for summary action.

A section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. *See Davis v. United States,* 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir.1997). A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255; *In re Dorsainvil,* 119 F.3d at 249–51. A section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255, *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002), or because the sentencing court does not grant relief, *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 539 (3d Cir.2002) (per curiam). We agree with the District Court's determination that Vieux's situation does not render section 2255 inadequate or ineffective. That Vieux has already unsuccessfully pursued a section 2255 motion in the sentencing court and has failed thus far in obtaining authorization from the Eleventh Circuit to file another section 2255 motion does not

**2.** Vieux was, and is currently, an inmate of the United States Penitentiary at Lewisburg, Pennsylvania.

show the inadequacy of that remedy.[3] Nor do the circumstances that Vieux was denied leave to amend the section 2255 motion and has been unable to challenge the outcome of those proceedings with any success.[4]

The government's motion for summary affirmance is granted. We will summarily affirm the District Court's judgment.

---

3. The District Court suggests in its memorandum that Vieux's avenue for relief may be to file an application with the Eleventh Circuit to authorize a second or successive section 2255 motion, while Vieux indicates that he has made that attempt but was unsuccessful. Either way, our conclusion remains the same.

4. In his submission to this Court, Vieux makes various allegations of bad faith concerning the sentencing court's handling of his section 2255 proceedings, stating that he has been denied full review of his claims. We note that Vieux has had his appeals of the sentencing court's decisions, and we will not conduct review of those matters.