[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14931
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-62142-WPD


NICOLAS FRANCOIS JEANTY, JR.,

Petitioner-Appellant,

versus

WARDEN, FCI-MIAMI,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 15, 2014)

Before CARNES, Chief Judge, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Nicolas Jeanty, Jr., a federal prisoner proceeding pro se, appeals the district court's decision denying his 28 U.S.C. § 2241 petition for a writ of habeas corpus. He contends that the district court erred in ruling that that he could not rely on Alleyne v. United States, 570 U.S. —, 133 S.Ct. 2151 (2013), to attack his sentence on collateral review.

I.

A federal grand jury indicted Jeanty in May 2005. He fled the country and was not arrested until November 2008. Before the trial, the government filed a 21 U.S.C. § 851 notice that it would seek a mandatory minimum sentence of ten years based on Jeanty's 1997 conviction for importing cocaine. Jeanty was tried and convicted in 2009 for (1) conspiring to possess with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. §§ 841 and 846, and (2) attempting to possess with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. § 846. At the sentence hearing, the district court determined that Jeanty's 1997 conviction qualified as "a prior conviction for a felony drug offense" under 21 U.S.C. § 841(b)(1)(B) and sentenced him to the statutory minimum of 120 months in prison.

Jeanty mounted several challenges to his convictions and sentence. He began by filing a direct appeal with this Court. We affirmed his convictions in December 2009. See United States v. Jeanty, 358 F. App'x 55 (11th Cir. 2009).

2

He then filed a 28 U.S.C. § 2255 motion in June 2010.  The district court denied the motion in July 2010.  The district court refused to grant Jeanty a certificate of appealability (COA), and we dismissed his appeal in October 2010 for lack of prosecution.  About two years later, in November 2012, Jeanty filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4).  The district court denied his motion that same month, and in July 2013 we denied his request for a COA.

Jeanty filed the 28 U.S.C. § 2241 petition at issue in this appeal on October 1, 2013.  He argued that, under Alleyne v. United States, 133 S.Ct. at 2163, the district court violated his Sixth Amendment rights by failing to submit to the jury the question of whether he had a prior conviction that qualified him for the ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B).  The district court dismissed his petition after determining that Jeanty was challenging the validity of his sentence and that his challenge did not qualify for review under § 2255(e)'s savings clause.

## II.

We review de novo the denial of a 28 U.S.C. § 2241 habeas petition.  Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).  To challenge his sentence, Jeanty has to establish that he meets all of "the five specific requirements a § 2241 petitioner must satisfy to proceed under § 2255(e)."  Bryant v. Warden, FCC

3

Coleman-Medium, 738 F.3d 1253, 1257 (11th Cir. 2013). Those five requirements are: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim. See id. at 1274. We do not address all five requirements because doing so is not necessary to decide this case. Jeanty fails to satisfy the third requirement, which is that the new rule announced in Alleyne applies retroactively on collateral review. See id.

Jeanty does not meet Bryant's third requirement because Alleyne does not apply retroactively on collateral review.[1] See id. First, "the Supreme Court itself must make the rule retroactive" in order for the rule to apply retroactively on collateral review. In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005). Neither Alleyne itself nor any later Supreme Court decision holds that Alleyne is retroactive. See United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014).

---

[1] A Supreme Court holding is not retroactively applicable on collateral review unless it (1) was "previously unavailable," (2) establishes "a new rule of constitutional law," and (3) has been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2); see In re Morgan, 713 F.3d 1365, 1366–67 (11th Cir. 2013).

The Alleyne Court explained that its holding was an application of the rule established in Apprendi v. New Jersey.  See Alleyne, 133 S.Ct. at 2163 (applying Apprendi, 530 U.S. 466, 120 S.Ct. 2348 (2000)), and we have repeatedly held that Apprendi's rule does not apply retroactively on collateral review.  See, e.g., Dohrmann v. United States, 442 F.3d 1279, 1281–82 (11th Cir. 2006) (holding that Apprendi does not retroactively apply to § 2241 petitions); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) (holding that Apprendi does not retroactively apply to § 2255 motions).  If Apprendi's rule is not retroactive on collateral review, then neither is a decision applying its rule.  See In re Anderson, 396 F.3d at 1340 (explaining that decisions "based on an extension of Apprendi" are not retroactive); see also Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (concluding that Alleyne is not retroactive because Apprendi is not retroactive).  Finally, every one of our sister circuits to consider the issue in a published decision has concluded that Alleyne is not retroactively applicable on collateral review.  See United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013); In re Payne, 733 F.3d 1027, 1029–30 (10th Cir. 2013); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); Simpson, 721 F.3d at 876.  We therefore conclude that Jeanty has not met Bryant's third requirement.

5

Jeanty also fails to satisfy Bryant's fourth requirement, which is that a retroactive application of Alleyne would mean that his current sentence exceeds the statutory maximum authorized by Congress for his crime.  See Bryant, 738 F.3d at 1274.  He was sentenced to ten years (120 months) in prison, but 21 U.S.C. § 841(b)(1)(B)(ii) provides that the maximum sentence for Jeanty, who was convicted of conspiring to possess with intent to distribute at least 500 grams of cocaine, is forty years.  Ten is less than forty.  Thus even if Alleyne applied retroactively, Jeanty's current sentence would not exceed the statutory maximum authorized by Congress in § 841(b)(1)(B).

Finally, even assuming that Jeanty could satisfy all five of Bryant's requirements, his petition is without merit.  He argues that he could not receive the mandatory minimum unless the jury — not the judge — found that his 1997 conviction qualified as "a prior conviction for a felony drug offense" under 21 U.S.C. § 841(b)(1)(B).  But the Alleyne Court took pains to point out that its holding did not upset its previous ruling in Almendarez–Torres v. United States, which held that the fact of a prior conviction is not an "element" that must be found by a jury.  See Alleyne, 133 S.Ct. at 2160 n.1 (citing Almendarez-Torres, 523 U.S. 224, 118 S.Ct. 1219 (1998)).  So Almendarez-Torres forecloses Jeanty's claim.  See United States v. Greer, 440 F.3d 1267, 1273–76 (11th Cir. 2006).

**AFFIRMED.**

6