[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13992
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-23012-UU

DEWAYNE E. DAVIS,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 23, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Dewayne Davis, a pro se federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, which relied on the recent Supreme Court decision in *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013), to argue that his sentence was imposed in violation of the Sixth Amendment. On appeal, Davis argues that the district court erred by denying his § 2241 petition on the ground that he had not satisfied 28 U.S.C. § 2255(e)'s "savings clause" because *Alleyne* represented a new rule of constitutional law that applies retroactively to cases on collateral review. He asserts that *Alleyne* is not an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and it is retroactively applicable because it represents a watershed rule of criminal procedure.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).

The savings clause of § 2255, however, permits a federal prisoner, under very limited circumstances, to file a habeas petition that attacks the validity of his

2

convictions and sentences pursuant to § 2241. *Sawyer*, 326 F.3d at 1365. Under the savings clause, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). We recently held that the savings clause is a jurisdictional provision, such that a petitioner must show that § 2255 is "inadequate or ineffective" before the district court has jurisdiction to review the § 2241 petition. *Williams v. Warden*, *Fed. Bureau of Prisons*, 713 F.3d 1332, 1337–40 (11th Cir. 2013).

When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive permission from us before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). We have held that such restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc) ("*Gilbert II*"). Consequently, a petitioner who has filed a previous § 2255 motion that has been denied may not circumvent the prohibition on unauthorized successive § 2255 filings simply by filing a petition under § 2241. *See id.*

Although the scope of the § 2255(e) savings clause has not been fully defined, we have noted that a petitioner meets the requirements of the savings

3

clause when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, on appeal, or in his first § 2255 motion. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *but see Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333–34 (11th Cir. 2013), *cert. denied*, 133 S. Ct. 2873 (2013) (describing the three-part test in *Wofford* as "dicta" and noting that we have retreated from that test in *Gilbert II*). In *Williams*, we interpreted *Wofford*'s holding as establishing two necessary conditions for a sentencing claim to be viable under the savings clause. *Williams*, 713 F.3d at 1343. First, the claim must be based on a retroactively applicable Supreme Court decision. *Id.* Second, the Supreme Court "must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." *Id.* As a result, a petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. *Wofford*, 177 F.3d at 1244 n.3.

In our recent decision in *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013), we addressed the question of whether a petitioner

4

can use the savings clause to "open the portal" to § 2241 where an erroneous application of the Armed Career Criminal Act (ACCA) resulted in a sentence that exceeded the statutory maximum. 738 F.3d 1253, 1262 (11th Cir. 2013). In that case, Bryant had filed a § 2241 petition pursuant to § 2255(e)'s savings clause, arguing that his 235-month sentence for an 18 U.S.C. § 922(g) felon-in-possession conviction exceeded the 10-year statutory maximum penalty under 18 U.S.C. § 924(a). *Id.* at 1260–61. Specifically, he had contended that, under *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008), *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), and *United States v. Canty*, 570 F.3d 1251 (11th Cir. 2009), his prior conviction for a concealed firearm offense under Florida law no longer was considered a "violent felony" for purposes of the ACCA, such that he did not have the three predicate convictions necessary to increase his maximum penalty from ten years to life imprisonment. *Bryant*, 738 F.3d at 1257; *see* 18 U.S.C. § 924(e).

Based on a synthesis of *Wofford*, *Gilbert II*, and *Williams*, we held that, in order to show that his prior § 2255 motion had been "inadequate or ineffective to test the legality of his detention," Bryant had to make a five-part showing. *Bryant*, 738 F.3d at 1274. He had to establish that: (1) our precedent foreclosed the claim raised in his § 2241 petition throughout sentencing, direct appeal, and his first § 2255 proceeding; (2) the Supreme Court overturned that binding precedent

after his initial § 2255 proceeding; (3) the Supreme Court decision applied retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeded the statutory maximum; and (5) § 2255(e)'s savings clause reached his claim. *Id*.

In determining whether a new rule applies retroactively at step three of the *Bryant* test, new substantive rules generally apply retroactively, and the rule announced in a Supreme Court decision is substantive if it alters the range of conduct or the class of persons that the law punishes. *Schriro v. Summerlin*, 542 U.S. 348, 351–53, 124 S. Ct. 2519, 2522–23 (2004). By contrast, a rule is procedural if it regulates only the manner of determining the defendant's culpability, and new rules of criminal procedure generally are not retroactively applicable on collateral review unless they fall within one of two exceptions. *Id.* at 352–53, 124 S. Ct. at 2523; *Teague v. Lane*, 489 U.S. 288, 310–11, 109 S. Ct. 1060, 1075–76 (1989). First, such rules apply retroactively if they place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Teague*, 489 U.S. at 311, 109 S. Ct. at 1075 (internal quotation marks omitted). Second, they will apply retroactively if they require the observance of "those procedures that . . . are implicit in the concept of ordered liberty," so-called "watershed rules of criminal procedure." *Id.* at 311, 109 S. Ct. at 1075–76 (internal quotation marks omitted) (ellipsis in original).

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362–63. In *Alleyne*, the Supreme Court expanded *Apprendi* by holding, in a direct appeal, that under the Sixth Amendment, "facts that increase mandatory minimum sentences must be submitted to the jury." 570 U.S. at __, 133 S. Ct. at 2163 (concluding that a jury must find beyond a reasonable doubt that the defendant "brandished" a firearm within the meaning of 18 U.S.C. § 924(c)(1)(A)(ii) before an enhanced seven-year mandatory-minimum sentence may apply). The Court concluded that the distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum was inconsistent with *Apprendi* and the Sixth Amendment. *Id.* at __, 133 S. Ct. at 2155.

Recently, in *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283 (11th Cir. 2014) (per curiam), we addressed whether the district court erred in denying Jeanty's § 2241 petition for a writ of habeas corpus, which relied on *Alleyne*. In making our determination that Jeanty failed to meet the third *Bryant* requirement, we explicitly held that *Alleyne* does not apply retroactively on collateral review. *Id.* at 1285. We explained that neither *Alleyne* itself nor any later Supreme Court decision has held *Alleyne* to be retroactive. *Id. Alleyne* was an application of the rule

7

established in *Apprendi*, and we have repeatedly held that that rule does not apply retroactively on collateral review. *Id.* at 1285–86. Finally, every other circuit to address the issue in a published decision has concluded that *Alleyne* is not retroactively applicable on collateral review. *Id.* at 1286.

In light of our decision in *Jeanty*, Davis cannot use § 2255(e)'s savings clause to collaterally challenge his sentence under § 2241 because the rule established in *Alleyne* is not retroactively applicable on collateral review. Therefore, Davis has not shown that § 2255 was "inadequate or ineffective" to test the legality of his detention, and the district court did not have jurisdiction to review his § 2241 petition brought pursuant to § 2255(e).

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**