[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15632
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00608-SPC-TBS


GREGORY KING,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN-MEDIUM,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 24, 2014)

Before ED CARNES, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

Gregory King, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus.

In March 2007 King was indicted on a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Normally, the statutory maximum for that offense is ten years in prison.  See id. § 924(a)(2).  But the indictment provided notice of the government's intent to seek enhanced penalties under § 924(e) of the Armed Career Criminal Act (ACCA).  See id. § 924(e).  That statutory enhancement subjects defendants to a mandatory minimum sentence of fifteen years imprisonment.  See id. § 924(e)(1).  The indictment listed six of King's prior Florida convictions as bases for an ACCA enhancement:  a 1996 conviction for aggravated battery on a pregnant victim; a 1997 conviction for burglary of an unoccupied structure; a 2001 conviction for possession of marijuana; two 2001 convictions for possessing cocaine with intent to sell, manufacture, or deliver; and a 2001 conviction for grand theft in the third degree. King pleaded guilty in April 2007.

The presentence report (PSR) concluded that he qualified as an armed career criminal and thus was subject to the ACCA's mandatory minimum sentence of fifteen years in prison.  The PSR's recitation of King's criminal history described the six offenses from the indictment, as well as several others, but it did not specify which prior convictions served as the bases for its conclusion that the ACCA enhancement applied.  But King did not object to the enhancement, and at the sentence hearing the district court adopted the PSR's findings and imposed the

2

ACCA enhancement without any discussion from the attorneys or a finding by the court identifying which of the prior convictions it was relying on to impose the enhancement.  The court then sentenced King to 180 months in prison — the minimum time permitted under the statute.

King did not challenge his sentence on direct appeal, and the 28 U.S.C. § 2255 motion to vacate that he filed in 2008 was dismissed as time-barred.[1]  In 2010 he filed the 28 U.S.C. § 2241 petition at issue here.  The petition challenged King's sentence on the ground that his conviction under Florida Statute § 784.045(1)(b) for battery on a pregnant victim no longer qualified as a violent felony under the ACCA.  King argued that the status of that prior conviction had changed as a result of the Supreme Court's decision in Johnson v. United States, 559 U.S. 133, 140, 130 S.Ct. 1265, 1270 (2010), and an order of this Court in Gilbert v. United States, 610 F.3d 716 (11th Cir. 2010).[2]  The district court dismissed King's petition after concluding that it did not have jurisdiction to consider his challenge because (1) Johnson was not retroactively applicable and

_____

[1] King's § 2255 motion argued that his 1994 conviction for strong-arm robbery did not qualify as an ACCA predicate because he pleaded nolo contendere to that charge.  While that conviction was listed in the PSR's account of his criminal history, it was not one of the six prior convictions identified in the indictment as the bases for the requested ACCA enhancement.

[2] The citation in King's § 2241 petition is to an order dealing with the parties' motions in response to the mandate being held for the panel decision in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010).  See Gilbert, 610 F.3d at 716–17. We need not concern ourselves with whether, in light of King's pro se status, we have to construe that citation as a reference to one of the substantive Gilbert decisions because, regardless of whether we do, the result of this appeal is the same.

3

(2) circuit precedent had not prevented King from challenging the ACCA status of his battery conviction at his sentence hearing, on direct appeal, or through a timely § 2255 petition.

We review de novo a district court's decision that it lacks jurisdiction over a 28 U.S.C. § 2241 habeas petition. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1337 (11th Cir. 2013). Because 28 U.S.C. § 2255(e) limits the claims that may be brought in a § 2241 petition, Williams, 713 F.3d at 1337–41, King cannot challenge his sentence unless he demonstrates that he meets all of "the five specific requirements a § 2241 petitioner must satisfy to proceed under § 2255(e)," Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1257 (11th Cir. 2013). Those five requirements are: (1) during the petitioner's sentencing, direct appeal, and first § 2255 proceeding, binding circuit precedent "specifically and squarely foreclosed the claim raised in the § 2241 petition"; (2) after his first § 2255 proceeding, that binding circuit precedent was overturned by the Supreme Court; (3) "that Supreme Court decision applies retroactively on collateral review"; (4) if that Supreme Court decision is applied retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) "the savings clause of § 2255(e) reaches his claim." Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) (citing Bryant, 738 F.3d at 1274).

4

King clearly falters on <u>Bryant</u>'s fourth hurdle.  That fourth requirement is met only if applying the Supreme Court decision retroactively would change the statutory maximum authorized by Congress for the petitioner's crime.  <u>See</u> <u>id.</u> at 1286.  In the context of a § 2241 petition challenging an ACCA enhancement, petitioners cannot meet that requirement unless a retroactive application of the Supreme Court decision would result in the petitioner now having two or fewer ACCA predicates.  <u>See</u> <u>Mackey v. Warden, FCC Coleman-Medium</u>, 739 F.3d 657, 658–59, 662 (11th Cir. 2014) (requirement met where retroactive application of the Supreme Court's decision would reduce the petitioner's ACCA predicates from four to two); <u>Bryant</u>, 738 F.3d at 1257–58, 1278–79 (requirement met where retroactive application of the Supreme Court's decision would reduce the petitioner's ACCA predicates from three to two).

King's § 2241 petition and his opening brief on appeal challenge the use of his 1996 conviction under Florida Statute § 784.045(1)(b) as an ACCA predicate, but they do not question the ACCA status of the other five convictions identified in the indictment.[3]  So even if we accept the United States' concession that <u>Johnson</u> is

---

[3] King dedicates the bulk of his brief to arguing that the government had the burden at the sentence hearing of establishing beyond a reasonable doubt that he had three prior convictions that qualified as ACCA predicates.  He is mistaken.  <u>See, e.g.</u>, <u>Descamps v. United States</u>, 133 S.Ct. 2276, 2288 (2013) (explaining that, for ACCA purposes, "the fact of a prior conviction" need not be submitted to a jury or proved beyond a reasonable doubt) (quotation marks omitted); <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 2160 n.1 (2013) (noting that, in determining whether a mandatory minimum sentence applies, the fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt).  Furthermore, King's failure to object to the PSR

5

retroactively applicable and overturns circuit precedent that squarely foreclosed King's previous ability to challenge the ACCA status of his § 784.045(1)(b) conviction, there would still be five unchallenged prior convictions serving as ACCA predicates for his enhanced sentence — two more than necessary to impose the enhancement.  See 18 U.S.C. § 924(e)(1).  King therefore has not met Bryant's fourth requirement.[4]

> **AFFIRMED.**

---

meant the district court could adopt its findings without error.  See United States v. Aguilar-Ibarra, 740 F.3d 587, 592 (11th Cir. 2014).

[4] In his reply brief, King raises new arguments about why several of his other prior convictions do not qualify as ACCA predicates.  But we will not consider such arguments when they are raised for first time in a reply brief — even with a pro se party.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  In any event, King does not identify any circuit precedent that squarely prevented him from arguing — at sentencing, on appeal, or in a timely filed § 2255 motion — that those other prior convictions did not qualify as ACCA predicates.  The ACCA status of those convictions cannot now be challenged through a § 2241 petition.  See Jeanty, 757 F.3d at 1285.