[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13524
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00225-WTH-PRL

OSCAR ANDREWS,

Petitioner - Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 28, 2015)

Before HULL, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Oscar Andrews, a federal prisoner proceeding *pro se*, appeals the district court's denial of two post-judgment motions he filed after the district court dismissed his 28 U.S.C. § 2241 petition for writ of habeas corpus.[1]

Because Mr. Andrews sought relief from the judgment of dismissal,[2] the district court construed his two motions, one entitled "Motion for Resolution of Jurisdictional Question" ("first motion") and the other entitled "Request for Relief from the Judgment" ("second motion"), as motions under Rule 60(b) of the Federal Rules of Civil Procedure. The district court concluded the first motion was untimely and procedurally barred because it presented substantive arguments that Mr. Andrews should have made on appeal from the dismissal of his § 2241 petition. In his second motion, Mr. Andrews contended that, under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), his sentences were unconstitutional because the indictment did not charge him with a particular drug quantity. The district court denied this motion as well, concluding *Alleyne* was inapplicable because it was not retroactive in a § 2241 proceeding. This is Mr. Andrews's appeal.

---

[1] Mr. Andrews's motion for leave to file his reply brief out of time is GRANTED.

[2] In his appellate brief, Mr. Andrews also contends the district court erred in dismissing his petition for writ of habeas corpus under § 2241. But, as a part of our prior review of Mr. Andrews's motion to proceed *in forma pauperis*, we concluded that his notice of appeal from the denial of his § 2241 petition was untimely and that our jurisdiction in this appeal therefore was limited to a review of the district court's disposition of Mr. Andrews's post-judgment motions under Rule 60(b). Mr. Andrews did not timely seek review of that determination and we do not disturb it here.

2

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006).[3] A Rule 60(b) motion may be granted for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered within 28 days of the entry of judgment; (3) fraud or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, is based on a previous vacated judgment, or is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A "movant seeking relief under Rule 60(b)(6), [the last of these,] must show extraordinary circumstances justifying the reopening of a final judgment." *Lugo v. Sec'y, Fla. Dep't of Corrs.*, 750 F.3d 1198, 1210 (11th Cir. 2014) (internal quotation marks omitted). A motion under Rule 60(b) may not be used as a substitute for a timely appeal. *See Jackson*, 437 F.3d at 1296. And it may not be used to assert, or reassert, claims of error in the movant's conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005).

Mr. Andrews contends the district court erred by not addressing the merits of his first motion and by overlooking arguments in his second motion and failing to make a determination as to *Alleyne*'s retroactivity. We disagree. First, we agree with the district court that the arguments Mr. Andrews presented in his first motion

---

[3] We also liberally construe Mr. Andrews's pleadings because he is proceeding without counsel. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

3

— that he was not required to satisfy the savings clause of 28 U.S.C. § 2255 as a prerequisite to relief under § 2241, that § 2241 itself lacks a savings clause or bar to relief, and that a number of this Court's cases affirming the denial or dismissal of § 2241 petitions are contrary to Supreme Court precedent — did not fall into one of the six bases for a Rule 60(b) motion and, instead, could be raised only in an appeal from the denial of his § 2241 petition.  *See* Fed. R. Civ. P. 60(b)(1)-(6); *Jackson*, 437 F.3d at 1296.  Second, Mr. Andrews's contention that the district court failed to address the retroactivity of *Alleyne* in his second motion is belied by the record.  Further, to the extent Mr. Andrews challenges the district court's retroactivity determination, his challenge is without merit.  *See Jeanty v. Warden*, 757 F.3d 1283, 1285 (11th Cir. 2014) (holding *Alleyne* is not retroactive upon a §2241 habeas petition).  In sum, Mr. Andrews's motions did not present the district court with valid reasons to revisit its dismissal of his § 2241 petition, and he gives us no cause to reverse here.

**AFFIRMED.**