[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13417
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21586-BB


NELSON CARTAGENA-MERCED,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 6, 2015)

Before JULIE CARNES, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Nelson Cartagena-Merced, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, which relied on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  On appeal, Mr. Cartagena-Merced disputes the district court's conclusion that he had not satisfied 28 U.S.C. § 2255(e)'s "savings clause" and therefore could not challenge the validity of his sentence under § 2241.  Specifically, he asserts that, contrary to the district court's decision, *Alleyne* represented a new rule of constitutional law that applies retroactively to cases on collateral review.  For the reasons set forth below, we affirm.

## I.

Mr. Cartagena-Merced was convicted in 1998 of, among other charges, using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1).  Neither the indictment nor the jury's verdict specified the type of firearm used, but at sentencing the government introduced evidence that the firearm in question was a semiautomatic weapon.  For this reason, the district court increased the statutory mandatory minimum sentence on the § 924(c)(1) violation from 5 to 10 years.  Mr. Cartagena-Merced's convictions and sentences were upheld on direct appeal.  *See United States v. Mojica-Baez*, 229 F.3d 292, 313 (1st Cir. 2000).  The following year, he filed a § 2255 motion to vacate in which he

2

raised several claims of ineffective assistance of counsel.  That motion was denied in 2004, and Mr. Cartagena-Merced did not appeal.  In 2009, Mr. Cartagena-Merced filed his first § 2241 petition, raising new claims of ineffective assistance. The district court dismissed that petition, concluding it was, in substance, a successive § 2255 motion (which generally is not permitted) and was not otherwise properly filed under the savings clause of § 2255(e).

In 2013, the Supreme Court held that any aggravating fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt.  *Alleyne*, 133 S. Ct. at 2162-63.  In other words, under *Alleyne* the fact that an individual used a *semiautomatic* weapon in relation to a crime of violence must be submitted to a jury and proved beyond a reasonable doubt.  *See id.*; 18 U.S.C. § 924(c)(1)(B) (describing increased penalties for short-barreled rifles and shotguns, semiautomatic weapons, machine guns, and "destructive devices").  The following year, Mr. Cartagena-Merced filed the instant § 2241 petition in which he asserted that *Alleyne* provided a basis for his new petition and for relief.  The district court dismissed the petition as successive.  Mr. Cartagena-Merced now appeals.

## II.

Typically, a prisoner must assert any collateral attacks on the validity of his federal conviction or sentence via 28 U.S.C. § 2255.  *Sawyer v. Holder*, 326 F.3d

3

1363, 1365 (11th Cir. 2003). Title 28 U.S.C. § 2241 generally is reserved for challenges to the execution, rather than validity, of a sentence. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). Further, "if a federal prisoner . . . has already been denied [§ 2255] relief," then a § 2241 petition that attacks the validity of a sentence "shall not be entertained" unless it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This exception to § 2255(e)'s bar on a § 2241 petition, which we refer to as the "savings clause," places the burden on the petitioner to establish that the remedy provided by § 2255 is "inadequate or ineffective . . . ." *Id.* Because this savings clause is jurisdictional, a prisoner petitioning the district court under § 2241 must make this showing before the district court may take jurisdiction of the case. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-40 (11th Cir. 2013), *cert. denied*, 135 S. Ct. 52 (2014).

We review *de novo* whether a prisoner may bring a § 2241 petition under § 2255(e)'s savings clause. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013). And we recognize that the statutory bar on second and successive § 2255 petitions, standing alone, cannot render § 2255's remedy inadequate or ineffective under the savings clause. *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*). Rather, a petitioner may employ the

4

savings clause properly to file a § 2241 petition where he shows that (1) throughout his sentencing, direct appeal, and original § 2255 proceeding his claim squarely was foreclosed by binding circuit precedent; (2) his current claim is based on a Supreme Court decision that overturned that formerly binding precedent; (3) the Supreme Court's decision is retroactively applicable on collateral review; (4) as result of the new rule's application, his sentence exceeds the applicable statutory maximum penalties; and (5) the savings clause of § 2255 reaches the petitioner's claim. *See Bryant*, 738 F.3d at 1274.

### III.

We conclude the district court did not err in dismissing Mr. Cartagena-Merced's § 2241 petition. The claim he raises in his petition addresses the validity of his sentence, not its execution, and therefore falls within the scope of § 2255 rather than § 2241. *See Sawyer*, 326 F.3d at 1365. Because Mr. Cartagena-Merced previously had filed a § 2255 motion that was denied, he cannot merely circumvent the statutory restriction on successive § 2255 motions by filing a petition under § 2241. *See Gilbert*, 640 F.3d at 1308. To proceed under § 2241, then, Mr. Cartagena-Merced must show by meeting the elements set forth in *Bryant* that § 2255 was "inadequate or ineffective" to challenge the legality of his detention. 28 U.S.C. § 2255(e); *Bryant*, 738 F.3d at 1274. He has not done so here. Although he relies upon the Supreme Court's decision in *Alleyne* as a ground for

5

relief, this Court previously has concluded *Alleyne* is not retroactively applicable on collateral review. *See Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014). Thus, because *Jeanty* forecloses Mr. Cartagena-Merced's ability to meet the third element of *Bryant*, we find no reversible error in the district court's dismissal.[1]

**AFFIRMED.**

---

[1] Because we conclude *Jeanty* forecloses Mr. Cartagena-Merced's petition, we do not address any of the government's alternative arguments for affirming the judgment of the district court.