[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14900
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-23489-MGC

ANDRE MIMS,

                                                            Petitioner-Appellant,

versus

WARDEN, F.C.I. MIAMI,
UNITED STATES OF AMERICA,

                                                            Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 16, 2015)

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner, Andre Mims, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2241.  The district court construed the filing as an unauthorized, successive § 2255 petition, and concluded that it did not have jurisdiction to grant the relief Petitioner requested.  After careful review, we affirm.

## I.  Background

This case has a long procedural history, beginning nearly twenty years ago in the Southern District of Florida.  In August 1997, a grand jury indicted Petitioner for one count of robbery and one count of attempted robbery in violation of 18 U.S.C. § 1951(a) (Counts 1 and 4), two counts of using a firearm in furtherance of both robberies in violation of 18 U.S.C. § 924(c) (Counts 2 and 5), and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts 3 and 6).  The indictment was based on evidence that in May 1997, Petitioner and an accomplice used a firearm in an attempt to rob Levinson's Jewelry Store in Plantation, Florida, but fled before taking any jewelry.  Then in June 1997, Petitioner and an accomplice used a firearm to rob Samuel Harold Jewelers in Palm Beach, Florida, stealing jewelry valued at $1,896,341.

Following a two-day trial, the jury found Petitioner guilty on all six counts.  The district court sentenced Petitioner to concurrent terms of 110 months for Counts 1, 3, 4, and 6, a consecutive 60-month term for Count 2, and a consecutive

240-month term for Count 5, for a total sentence of 410 months.  The 110-month portion of the sentence reflected a five-level enhancement pursuant to the loss amount provision of USSG § 2B3.1(b)(7)(F).  With respect to the sentence imposed on Counts 2 and 5, at the time of Petitioner's crimes § 924(c)(1)(C) required a consecutive five-year minimum sentence for a first offense and a consecutive twenty-year minimum sentence for a second or subsequent offense.

On direct appeal, Petitioner cited numerous errors purportedly made by the district court during his trial.  However, Petitioner did not challenge his sentence.  This Court affirmed Petitioner's conviction and sentence in a summary opinion issued in February 2004.

Petitioner filed a § 2255 petition for habeas relief in March 2005.  In support of his § 2255 petition, Petitioner asserted several ineffective assistance of counsel claims, and he also argued that the district court had violated his due process rights by excluding him from sidebar conversations.  However, Petitioner still did not raise any sentencing issues.  The district court held an evidentiary hearing on the claims presented, and subsequently adopted a magistrate judge's report and recommendation ("R&R") denying the § 2255 petition.  The district court and this Court denied a certificate of appealability ("COA").

Petitioner subsequently filed the § 2241 petition that is at issue in this

appeal.[1]  In support of the petition, Petitioner argued that his sentence violated the principles established in *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013), because of enhancements based on facts that were not proven to the jury beyond a reasonable doubt.  Specifically, Petitioner argued that the district court (1) erroneously found that he was subject to an enhanced 20-year mandatory sentence under 18 U.S.C. § 924(c) because a jury did not find beyond a reasonable doubt that the crime charged in Count 5 was a "second or subsequent" offense, and (2) improperly applied an enhancement based on the court's, rather than the jury's, determination of the loss amount in the completed robbery.

The magistrate judge issued an R&R recommending that Petitioner's § 2241 motion be dismissed for lack of jurisdiction because it was, in reality, an unauthorized, successive § 2255 petition.  The R&R noted that Petitioner had previously filed an unsuccessful § 2255 petition, and that he had not sought or obtained approval from this Court before filing a second petition.  The R&R explained further that Petitioner did not qualify for relief under the "savings clause" of § 2255(e) because *Alleyne* does not apply retroactively to cases on collateral review.  The district court adopted the R&R and dismissed Petitioner's

---

[1] In the interim, Petitioner also filed a motion asking the district court to reconsider and vacate his sentence under Federal Rule of Civil Procedure 60(d)(3) and a motion to compel the Government to seek a reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35.  The district court summarily denied both motions.  This Court affirmed the denial of the Rule 60(d)(3) motion, and dismissed the appeal of the district court's order on the Rule 35 motion as untimely.

§ 2241 petition for lack of jurisdiction.

## II. Discussion

A.    Standard of Review

Whether the district court had jurisdiction to consider the merits of Petitioner's § 2241 petition is a question of law that we review de novo. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013). The jurisdictional question is a threshold issue, and we cannot reach the merits of Petitioner's petition unless the district court had jurisdiction to entertain it. *Id.* at 1338 (holding that § 2255(e) imposes a jurisdictional limit on § 2241 petitions).

B.    Availability of Habeas Relief under §§ 2241 and 2255

Ordinarily, a federal prisoner may only collaterally attack his final conviction and sentence through a § 2255 habeas petition. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1256 (11th Cir. 2013). Petitioner seeks relief on the ground that his sentence is unconstitutional in light of *Alleyne*. His habeas claim is thus expressly covered by and generally must be asserted under § 2255(a), which authorizes a motion to "vacate, set aside or correct" a sentence that a federal prisoner claims is unconstitutional or illegal. 28 U.S.C. § 2255(a). *See also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n. 1 (11th Cir. 2008) ("A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a).")

As noted, Petitioner has previously filed an unsuccessful § 2255 petition. The district court may only consider a second or successive § 2255 petition by Petitioner if the petition has been certified by this Court to contain:  (1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Petitioner guilty, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  *See* 28 U.S.C. § 2255(h).  We have not certified this case as appropriate for review under either prong of § 2255(h).  Relief under § 2255(a) is thus unavailable here.  *See Gilbert v. United States*, 640 F.3d 1293, 1311 (11th Cir. 2011) (en banc) ("The statutory bar against second or successive motions is one of the most important AEDPA safeguards for finality of judgment.").

Petitioner argues that habeas relief is nevertheless available to him via a § 2241 petition that falls within the "savings clause" of § 2255(e).  The savings clause permits a prisoner to file a § 2241 petition where the remedy provided by § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention."  28 U.S.C. § 2255(e); *see also Bryant*, 738 F.3d at 1256.  As applied to sentencing claims such as Petitioner's, this Court has interpreted the "inadequate or ineffective" language to permit a § 2241 petition when:  (1) throughout sentencing, direct appeal, and the first § 2255 proceeding, Circuit precedent specifically

6

addressed and squarely foreclosed the claim raised in the § 2241 petition; (2) subsequent to the first § 2255 proceeding, a Supreme Court decision overturned the Circuit precedent that had squarely foreclosed the claim; (3) the new rule announced by the Supreme Court applies retroactively on collateral review; (4) as a result of the new rule being retroactive, the petitioner's current sentence exceeds the statutory maximum authorized by Congress; and (5) the savings clause of § 2255(e) reaches the petitioner's claim. *Id.* at 1274.

By application of binding Circuit authority, Petitioner's claim does not meet the third requirement set forth above. *See Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014). In *Jeanty*, this Court held that the new rule announced in *Alleyne* does not apply retroactively on collateral review. *Id.* As we explained in *Jeanty*:

> First, neither *Alleyne* itself nor any later Supreme Court decision holds that *Alleyne* is retroactive. Second, the *Alleyne* Court explained that its holding was an application of the rule established in *Apprendi v. New Jersey*, and we have repeatedly held that *Apprendi*'s rule does not apply retroactively on collateral review. If *Apprendi*'s rule is not retroactive on collateral review, then neither is a decision applying its rule. Finally, every one of our sister circuits to consider the issue in a published decision has concluded that *Alleyne* is not retroactively applicable on collateral review.

*Id*. at 1285-86 (internal citations omitted).

Because *Alleyne* does not apply retroactively, Petitioner does not meet the criteria for seeking relief under § 2241 via the savings clause of § 2255(e). The

7

district court thus properly construed Petitioner's motion for relief under § 2241 as an unauthorized, successive § 2255 petition, and correctly concluded that it lacked jurisdiction to grant the relief requested in the petition.

### III. Conclusion

For the reasons discussed above, the district court's decision to dismiss Petitioner's § 2241 petition is **AFFIRMED.**