[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12164
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-22992-CMA

ALBERT CAMPBELL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 23, 2015)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Albert Campbell, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 pursuant to 28 U.S.C. § 2255(e)'s "savings clause." Campbell appeals the district court's dismissal of his § 2241 petition for a lack of subject-matter jurisdiction. Campbell argues that his sentence was improperly enhanced because the judge, not the jury, determined the specific quantity of drugs to be attributed to him, which violated his constitutional rights. In support, Campbell relies on *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013), which he argues is a new rule of constitutional law to be applied retroactively on collateral review. However, because we conclude that *Alleyne* does not apply retroactively on collateral review, Campbell is foreclosed from proceeding pursuant to § 2255(e)'s saving clause. Therefore, we affirm the district court's dismissal of Campbell's § 2241 petition for lack of jurisdiction.

## I.

The following factual synopsis is undisputed. Over twenty years ago, Campbell was indicted by a federal grand jury and charged with conspiring to possess cocaine and cocaine base with the intent to distribute. After a jury found Campbell guilty of the charged offense, Campbell received a sentence of 420-months' imprisonment. Subsequently, Campbell appealed his sentence. On direct appeal, Campbell raised a number of issues, none of which challenged the enhancements he received for the quantity of drugs attributed to him. We affirmed

2

Campbell's conviction and sentence. *See United States v. Butler*, 102 F.3d 1191 (11th Cir. 1997). Thereafter, Campbell filed a motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 alleging that his trial counsel was ineffective in several ways, including that his trial counsel failed to object to the quantity of drugs attributed to Campbell. Campbell's § 2255 motion and his Certificate of Appealability (COA) were denied by the district court. Treating Campbell's COA as a timely notice of appeal, this Court denied Campbell's COA as well. Several years later, however, Campbell filed a motion for reconsideration of his § 2255 motion, but the district court concluded that his motion for reconsideration was the equivalent of a successive § 2255 motion that required prior permission from this court, which Campbell never obtained. Concluding also that the cases Campbell relied on were not retroactively applicable, the district court denied his motion for reconsideration. Campbell again appealed that decision to this court, but we refused to grant him a COA. Campbell has since then filed the instant petition for writ of habeas corpus pursuant to § 2241, which was subsequently dismissed by the district court for lack of jurisdiction.

## II.

We review de novo whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e). *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013). "The applicability of the savings clause is a threshold

jurisdictional issue, and we cannot reach questions that the district court never had jurisdiction to entertain." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013) (internal quotation marks omitted), *cert. denied sub nom. Williams v. Hastings*, 135 S. Ct. 52 (2014).  If the savings clause permits Campbell's § 2241 petition, then we may decide the substantive issue of whether his sentence was improperly enhanced pursuant to the trial judge's determination of the specific quantity of drugs to be attributed to him.  *See id*.

### III.

Generally, a collateral attack on the validity of a federal sentence must be brought under § 2255.  *See Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Under circumstances such as this, where a prisoner has previously filed a § 2255 motion, he must apply for and receive permission from the appropriate court of appeals before filing a successive § 2255 motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  A successive motion must contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. § 2255(h)(2).  However, "[u]nder the savings clause of § 2255[(e)], a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Sawyer*, 326 F.3d at 1365.  Section 2255(e) applies by its own terms irrespective of whether a prisoner failed to seek § 2255 relief or whether the trial

4

court has previously denied him such relief; what is significant is whether § 2255 relief would not have adequately or effectively tested the legality of his imprisonment. *See Bryant*, 738 F.3d at 1263. The burden is on the petitioner to demonstrate that § 2255 relief was "inadequate or ineffective to test the legality of his detention for purposes of § 2255(e)." *Id*. at 1262 (internal quotation marks omitted). We have held that in order for a petitioner to establish that a § 2255 motion was inadequate or ineffective to test whether his detention was lawful, he must demonstrate that:

> (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim.

*Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) (per curiam); *see also Bryant*, 738 F.3d at 1274 (synthesizing circuit precedent for purposes of interpreting § 2255(e) in a manner that "does not eviscerate or undermine § 2255(h)'s restrictions on second or successive § 2255 motions"). It is unnecessary for the court to address all five requirements if the petitioner fails to satisfy any one requirement. *See Jeanty*, 757 F.3d at 1285.

Here, Campbell could not bring his *Alleyne* claim under § 2255, as he previously filed a § 2255 motion and did not obtain this court's permission to file a second or successive § 2255 motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Thus, in order for the district court to have had jurisdiction over Campbell's § 2241 petition, he was required to establish, through the lense of § 2255(e)'s savings clause, that his prior § 2255 motion was "inadequate or ineffective."  *See* § 2255(e).

Campbell fails to fulfill his burden of demonstrating one of the necessary requirements to show that § 2255 relief would have been in adequate or ineffective, and, consequently, there is no need for this court to address the remaining four.  *See Jeanty*, 738 F.3d at 1285.  Particularly, Campbell fails to establish that the Supreme Court's ruling in *Alleyne* applies retroactively.  *See id*. We acknowledge that in *Alleyne*, the Supreme Court held that any fact that aggravates the legally prescribed range of allowable sentences, including a fact that increases the statutory minimum, is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt.  570 U.S. at ___, 133 S. Ct. at 2162–63.  However, we have held that the Supreme Court's ruling in *Alleyne* does not apply retroactively on collateral review for the following reasons: 1) the Supreme Court has not held that *Alleyne's* application is retroactive; 2) the Supreme Court explained that *Alleyne* is an application of the rule established in

6

*Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), which is not retroactively applicable; and 3) our sister circuits (that have had the opportunity to consider whether *Alleyne* applies retroactively on collateral review in a published decision) have concluded that it did not.  *See Jeanty*, 757 F.3d at 1285.  Because we have held that *Alleyne* does not apply retroactively on collateral review, Campbell is foreclosed from proceeding pursuant to § 2255(e)'s saving clause.

## IV.

Therefore, we conclude that district court did not err in dismissing Campbell's § 2241 petition.  Campbell's § 2241 petition fails to recapture the jurisdiction of the district court pursuant to § 2255(e)'s savings clause because Campbell's § 2241 petition relies on the Supreme Court's ruling in *Alleyne*, which is not retroactively applicable.  To the extent that Campbell seeks to rely on *Alleyne* for the proposition that the facts of his prior convictions should have been submitted to a jury before his sentence could be enhanced, his reliance here is also misguided.  *See Apprendi*, 530 U.S. 466, 120 S. Ct. 2348 (holding that any fact, other than the fact of a prior conviction, is required to be submitted to the jury and proven beyond a reasonable doubt); *see also United States v. Harris*, 741 F.3d 1245, 1249–50 (11th Cir. 2014).  Accordingly, the district court's dismissal of Campbell's § 2241 habeas petition is affirmed.

**AFFIRMED.**