[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12840
Non-Argument Calendar

_____

D.C. Docket No. 9:06-cr-80105-KAM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HENRY ANDERSON,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 25, 2020)

Before ED CARNES, Chief Judge, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Henry Anderson pleaded guilty to a two-count indictment.  Count one

charged him with distributing "a detectable amount" of cocaine base (crack

cocaine), and count two charged him with possession with intent to distribute "at least five (5) grams" of cocaine base in 2006. At his change of plea hearing, Anderson admitted that count one was based on 3.41 grams of cocaine base and count two was based on 35.68 grams of cocaine base. The probation office prepared a Presentence Investigation Report, which attributed to Anderson "at least 35 [grams] but less than 50 [grams]" of cocaine base. Based on the sentencing guidelines in effect at that time, Anderson was sentenced to 220 months imprisonment.

In 2019 Anderson filed a motion to reduce his sentence under § 404 of the First Step Act. The First Step Act says that a court "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." S. 756, 115th Cong., § 404(b) (2018) (emphasis added). It also says that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. § 404(c).

A covered offense is one that was modified by the Fair Sentencing Act of 2010. Id. § 404(a). What matters in this appeal is that the Fair Sentencing Act modified cocaine base sentences for offenses involving 28 grams or more of cocaine base. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. § 2(a)(1)-(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

The district court found that Anderson was ineligible for relief under the retroactive provisions of the Fair Sentencing Act of 2010 because his offense involved more than 28 grams of cocaine base — meaning that the Fair Sentencing Act's modifications to cocaine base sentences did not impact Anderson's statutory or guideline sentencing range.  The court relied on Anderson's admission that he had nearly 40 grams of cocaine base to make that determination.  The court also found, in the alternative, that even if Anderson was eligible for a reduced sentence, it would not exercise its discretion to do so in light of the quantity of drugs involved.  Anderson appeals.

We review sentencing decisions for abuse of discretion.  United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010).  But we review de novo questions of statutory interpretation.  United States v. Segarra, 582 F.3d 1269, 1271 (11th Cir. 2009).  "A district court by definition abuses its discretion when it makes an error of law."  United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).

On appeal, Anderson contends that the district court should have considered only his charged conduct in determining whether he was eligible for a sentence reduction and that, because count one charged him with an unspecified amount of cocaine base and count two charged him with at least 5 grams of cocaine base, both his convictions fell within the covered offenses of the First Step Act.  He argues that the district court erred in considering the amount of cocaine base he admitted to possessing in his change of plea hearing or attributed to him in the PSR

3

because those amounts were not charged as elements in the indictment. See

Alleyne v. United States, 570 U.S. 99 (2013); Apprendi v. New Jersey, 530 U.S.

466 (2000).

Although we have held that Alleyne and Apprendi do not apply retroactively

on collateral review, see Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th

Cir. 2014), we have not addressed whether and to what extent Alleyne and

Apprendi apply to motions for sentence reductions under the First Step Act. And

we need not decide that question now.

Here, the district court made clear that, even if Anderson qualified for a

sentence reduction, it would not exercise its discretion to reduce his sentence.

Congress made clear that courts "may . . . impose a reduced sentence," but that

"[n]othing in this section shall be construed to require a court to reduce any

sentence." S. 756, 115th Cong., § 404(b), (c) (emphasis added). We take

Congress at its word that "nothing" in the First Step Act required the district court

to reduce Anderson's sentence. "Nothing" means nothing. The district court did

not abuse its discretion by choosing not to do so here.[1]

**AFFIRMED.**

---

[1] Anderson argues that the district court abused its discretion because its decision not to reduce his sentence was based on a legal error. But Anderson did not make that argument until his reply brief, so it is waived. See United States v. Durham, 795 F.3d 1329, 1330 (11th Cir. 2015) (en banc) ("Our longstanding case law rule is that an appellant who does not raise an issue in his opening brief may not do so [later].").