[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12051
Non-Argument Calendar

_____

D.C. Docket No. 4:94-cr-00006-HLM-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP PRICE WYATT,
a.k.a. Seedie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 26, 2020)

Before ED CARNES, Chief Judge, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Phillip Price Wyatt was found guilty of conspiracy to possess with the intent to distribute "mixtures containing" cocaine base ("crack cocaine") and possession "with the intent to distribute cocaine" in 1994.  Based on the charging and sentencing practices at the time, the indictment did not state the specific amount of drugs Wyatt trafficked, nor did the jury make any findings about the specific drug amounts; instead, the Presentence Investigation Report attributed to Wyatt "at least 70 kilograms" of crack cocaine.  At sentencing Wyatt objected to that amount, but the court overruled the objection and adopted the findings of the PSR.  Based on the sentencing guidelines in effect at that time, Wyatt was sentenced to life in prison.

In 2015 Wyatt and the government jointly moved to reduce his sentence under Amendment 782 to the guidelines, which lowered the base offense level for crack cocaine offenses.  The court granted that motion and sentenced Wyatt to 360 months in prison, the minimum under the new guideline.

In 2019 Wyatt filed a motion to reduce his sentence under § 404 of the First Step Act.  The First Step Act says that a court "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  S. 756, 115th Cong., § 404(b) (2018) (emphasis added).  But

"[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." S. 756, 115th Cong., § 404(c).

A covered offense is one that was modified by the Fair Sentencing Act of 2010. S. 756, 115th Cong., § 404(a). For purposes of this appeal, what matters is that the Fair Sentencing Act modified crack cocaine sentences for offenses involving 280 grams or less of crack cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. § 2(a)(1)-(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

The district court found that Wyatt was ineligible for relief under the retroactive provisions of the Fair Sentencing Act of 2010 because his offense involved more than 280 grams of crack cocaine. The court relied on the sentencing court's finding that he had at least 70 kilograms of crack cocaine to make that determination. The district court also found, in the alternative, that Wyatt was not entitled to a plenary resentencing and that, even if Wyatt was eligible for a reduced sentence, it would not exercise its discretion to do so in light of the quantity of drugs involved. Wyatt appeals.

We review sentencing decisions for abuse of discretion. United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010). But we review de novo questions of statutory interpretation. United States v. Segarra, 582 F.3d 1269, 1271 (11th Cir.

3

2009). "A district court by definition abuses its discretion when it makes an error of law." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).

On appeal, Wyatt contends that the district court should have considered only his charged conduct in determining whether his offense was a covered offense and that, because the indictment charged him with an unspecified amount of crack cocaine, his offense fell within the covered offenses of the First Step Act. He argues that the district court erred in considering the 70 kilograms of crack cocaine attributed to him at sentencing and that such finding is now unconstitutional because it relies on facts that were determined by the court, not a jury. See Alleyne v. United States, 570 U.S. 99 (2013); Apprendi v. New Jersey, 530 U.S. 466 (2000). And, Wyatt argues, because his sentence would now be unconstitutional, the district court had no choice but to resentence him. He adds that the district court erred in finding that the First Step Act did not allow for a plenary resentencing.

Although we have held that Alleyne and Apprendi do not apply retroactively on collateral review, see Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014), we have not addressed whether and to what extent Alleyne and Apprendi apply to cases involving motions for reduction of sentences under § 404 of the First Step Act. And we need not decide that question now.

4

Here, the district court's order makes clear that, even if Wyatt's offense did qualify for reduction, it would not have exercised its discretion to do so. Wyatt attempts to cabin the district court's discretion by arguing that because his newly calculated maximum sentence would be below his current sentence, the court must reduce his sentence under § 404 of the First Step Act. But that flies in the face of the plain language of the act. Congress made clear that courts "may . . . impose a reduced sentence," but that "[n]othing in this section shall be construed to require a court to reduce any sentence." S. 756, 115th Cong., § 404(b), (c) (emphasis added). We take Congress at its word that "nothing" in § 404 of the First Step Act required the district court to reduce Wyatt's sentence. "Nothing" means nothing. The district court did not abuse its discretion by choosing not to do so here.

**AFFIRMED.**